RECORD NUMBER: 13-4236

# United States Court of Appeals
### *for the*
# Fourth Circuit

UNITED STATES OF AMERICA,

*Appellee,*

– v. –

PEDRO OCHOA, a/k/a Pepe,

*Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA AT CHARLESTON

# OPENING BRIEF OF APPELLANT

JONATHAN M. MILLING
MILLING LAW FIRM, LLC
1614 Taylor Street
Suite C
Columbia, SC 29201
(803) 451-7700

*Counsel for Appellant*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................ii

STATEMENT OF SUBJECT MATTER AND APPELLATE
JURISDICTION........................................................................... 1

ISSUES PRESENTED FOR REVIEW ...................................................... 1

STATEMENT OF THE CASE.................................................................. 2

STATEMENT OF THE FACTS ................................................................ 4

SUMMARY OF THE ARGUMENTS ....................................................... 8

ARGUMENT I:    Ochoa's plea valid under Rule 11 of the Federal
                Rules of Criminal Procedure was valid  ........................ 8

ARGUMENT II:  The sentence imposed by the District Court, and
                which was requested by the defendant, was
                reasonable........................................................................ 8

ARGUMENT ........................................................................................... 9

        ARGUMENT I ..................................................................... 9

        Standard of Review............................................................. 9

I.    OCHOA'S GUILTY PLEA WAS VALID UNDER RULE 11 OF
      THE FEDERAL RULES OF CRIMINAL PROCEDURE.................. 9

        ARGUMENT II ................................................................... 12

        Standard of Review........................................................... 12

II.   OCHOA CANNOT DEMONSTRATE THAT THE DISTRICT
      COURT ABUSED ITS DISCRETION AND IMPOSED EITHER
      A PROCEDURALLY OR SUBSTANTIVELY
      UNREASONABLE SENTENCE...................................................... 12

i

CONCLUSION ............................................................................................. 14

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

## CASES

Anders v. California,
 386 U.S. 738 (1967).................................................................... 3, 12, 14

Gall v. United States,
 552 U.S. 38 (2007)............................................................................ 12

Kimbrough v. United States,
 552 U.S. 111 (2007).......................................................................... 12

United States v. Carter,
 564 F.3d 325 (4th Cir. 2009) ............................................................ 13

United States v. Good,
 25 F.3d 218 (4th Cir. 1994) ............................................................... 9

United States v. Lynn,
 592 F.3d 572 (4th Cir. 2010) ........................................................... 13

United States v. Martinez,
 277 F.3d 517 (4th Cir. 2002) ............................................................. 9

United States v. Mendoza-Mendoza,
 597 F.3d 212 (4th Cir. 2010) ........................................................... 13

United States v. Olano,
 597 U. S. 725 (1993) ........................................................................... 9

## RULES, STATUTES, AND OTHER AUTHORITIES

18 U.S.C. § 1956(h) .................................................................................. 1, 2

18 U.S.C. § 3553(a) ............................................................................. 6, 12, 13

18 U.S.C. § 924(c)(1)(A)(i) ......................................................................... 2

21 U.S.C. § 841 (a)(1)................................................................................. 2

21 U.S.C. § 841 (b)(1)(A) ............................................................... 1, 2, 5

28 U.S.C. § 1291 ............................................................................ 1

Fed.R. Crim. P. Rule 11 ........................................................... *passim*

Fed.R. Crim. P.  Rule 11(b)(1) ...................................................... 11

Fed.R. Crim. P. Rule 11(b)(1)(A). .................................................. 5

Fed.R. Crim. P. Rule 11(b)(2) ....................................................... 11

Fed.R. Crim. P. Rule 11(b)(3) ....................................................... 11

Fed.R. Crim. P. Rule 11(h) ........................................................ 5, 12

U.S.S.G. Rule 5K1.1 ...................................................................... 3

## STATEMENT OF SUBJECT MATTER AND
## APPELLATE JURISDICTION

This is an appeal from a final judgment of the United States District Court, District of South Carolina, for a criminal prosecution pursuant to 21 U.S.C. §841(a)(1) and (b)(1)(A) and 18 U.S.C. § 1956(h).   A guilty plea was entered by Appellant Pedro Garcia Ochoa on August 18, 2011 pursuant to a written Plea Agreement.   The Sentencing Hearing was held on March 7, 2013, and the Sentence verbally imposed on that date.   Judgment was not entered until a few days later on March 11, 2013.   On March 11, 2013, following the entry of the Judgment, Appellant executed a Notice of Appeal.   This appeal follows.

Jurisdiction in the Court of Appeals is authorized pursuant to 28 U.S.C. § 1291.

## ISSUES PRESENTED FOR REVIEW

I.    WHETHER APPELLANT'S PLEA WAS VALID UNDER RULE 11 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE.   THE DISTRICT COURT SATISFIED ALL OF THE REQUIREMENTS OF RULE 11 AND OCHOA'S PLEA WAS OTHERWISE VALID.

II.   WHETHER THE DISTRICT COURT IMPOSED REASONABLE SENTENCE.   THE DISTRICT COURT GRANTED A SUBSTANTIAL SENTENCE REDUCTION BASED UPON COOPERATION, WHICH WAS PROCEDURALLY AND SUBSTANTIVELY REASONABLE.

1

## **STATEMENT OF THE CASE**

The Appellant, Pedro Garcia Ochoa ("Ochoa"), was charged as one of thirteen defendants in a ten count Superseding Indictment in the United States District Court for the District of South Carolina, Charleston Division, on May 11, 2011 ("Indictment").[1]   The Indictment charges Ochoa with two narcotics offenses: (1) conspiring to knowingly, intentionally, and unlawfully possessing with intent to distribute 5 kilograms or more of cocaine in violation of 21 United States Code Section 841 (a)(1) and (b)(1)(A) (Count One); and (2) knowingly, intentionally, and unlawfully possessing with intent to distribute 500 grams or more of cocaine in violation of 21 United States Code Section 841 (b)(1)(A) (Count Two).   Ochoa was also charged with Money Laundering in violation of 18 United States Code Section 1956(h) (Count Three). Finally, Ochoa was charged with knowingly using and possessing a firearm during, in relation to, and in furtherance of a drug trafficking crime in violation of 18 United States Code Section 924(c)(1)(A)(i) (Count Eight). On August 18, 2011, pursuant to a written Plea Agreement, Ochoa pled guilty to Counts One and Three.

A Pre-Sentence Interview was conducted, and thereafter, the United States

---

[1] Ochoa was originally arrested on December 15, 2010 upon the Grand Jury returning the original Indictment.

Probation Office prepared its Pre-Sentence Report ("PSR") for Ochoa. The PSR recommended to the Court that the Sentencing Guideline Range for Ochoa was 324-405 months in custody. No objections were filed to the PSR by the Government. Several objections were noted by Ochoa, all of which were incorporated in the Revised PSR.

Sentencing was held for Ochoa on March 7, 2013. As no outstanding objections remained to the PSR, the District Court adopted the PSR as written, adopting an Offense Level of 41, and a Criminal History Category of I. Thereafter, the Government moved for a Downward Departure pursuant to Rule 5K1.1 of the United States Sentencing Commission Guidelines. After hearing from the Government on the Rule 5K1.1 Motion, the Court granted the request, and Ochoa also requested a variance, which was granted in part.

At the conclusion of the presentation of the parties, the Court imposed a sentence of 120 months incarceration. Judgment to this effect was entered on March 11, 2013, and Ochoa executed his Notice of Appeal that same day.

The questions for review by this Court are whether Ochoa's plea was valid, and whether the District Court imposed a reasonable sentence. Counsel has reviewed the record and applicable law and has found no legal error, thus, counsel files this brief in compliance with <u>Anders vs. California</u>, 386 U.S. 738 (1967).

3

## STATEMENT OF THE FACTS

The facts, as outlined by the United States Attorneys' Office during Ochoa's Change of Plea Hearing and in the PSR, all of which were adopted by the Court without objection by Ochoa, are as follows:

In 2009, utilizing various wire intercepts, Drug Enforcement Agency ("DEA") identified a Mexican drug trafficking organization operating in Atlanta, Georgia. Subsequent intercepts in January 2010 identified Ochoa as having contact with the organization. **PSR, ¶9, p. 4.** In response, Ochoa's line was tapped and intercepted calls revealed that Ochoa was a cell leader of a Mexican drug trafficking organization operating primarily in Charleston, South Carolina. **Id.**

As a result of the intercepted calls, as well as interviews of several individuals, it was determined that between 2008 and 2011, Ochoa was responsible for 94.5 kilograms of cocaine. **PSR, ¶¶10-18, pp. 5-7.** The intercepted calls also revealed that substantial funds received from this operation were then wired to Mexico, which gives rise to the money laundering count. **PSR ¶ 10, p. 5.**

Following his arrest on the instant charges, Ochoa elected to cooperate with law enforcement. Thereafter, Ochoa entered a Plea Agreement, wherein he agreed to plead guilty to Counts One and Three of the Superseding Indictment. **See Plea Agreement.**

4

During the Change of Plea Hearing on August 18, 2011, Ochoa's guilty plea was accepted by the Court.   Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, at the beginning of the Hearing, Ochoa was placed under oath.[2] **See Change of Plea Hearing Transcript ("COPTr") p. 6, ll.14-21.**   During the Hearing, Ochoa was advised that he had the right to plead not guilty, and that if he did so, there would be a trial in his case, that he would have the right to the assistance of counsel during his trial, the right to confront and cross-examine the Government's witnesses, the right to testify in his own defense, and the right to compel witnesses to appear and testify in his defense. **See COPTr, p. 12, l. 12 through p. 14, l. 16.** Being advised of these rights, Ochoa was thereafter advised that, by pleading guilty, he waived these rights and there would be no trial. **See COPTr, p. 14, l. 17 through p. 15, l.5.**

Ochoa was then advised of the allegations of the offense with which he was charged, the elements of that offense, the mandatory minimum sentence, the

---

[2]  The transcript from the Change of Plea hearing does not reveal whether, during the swearing of Ochoa, he was advised of the Government's right, in a prosecution for perjury or false statement, to use his statements against him. See FRCrimP Rule 11(b)(1)(A).   Even if this admonition was not given, it is clear from the record that he was sworn.   Further, there is no evidence in the record that Ochoa did not provide truthful answers or otherwise challenged the veracity of his own statements. There is also no evidence in the record that the government initiated any prosecution arising from answers given during the Change of Plea Hearing.   Thus, to the extent the District Court may have deviated from the Rule 11 requirements, such deviation is harmless and does not affect his substantial rights. See FRCrimP Rule 11(h).

maximum sentence he was facing, as well as the mandatory special assessment. **See COPTr, p. 16, l. 19 through p. 19, l. 14.** Within these outside sentencing parameters, the Court advised Ochoa of the obligation to consider the applicable Guideline Range as well as the factors set forth in 18 United States Code Section 3553(a). **See COPTr, p. 19, l. 15 through p. 20, l. 3.** The District Court also went over the terms of the Plea Agreement with Ochoa. **See COPTr, p. 22, l. 11 through p. 27, l. 16.** Included therein was Ochoa's waiver of appellate rights. **See COPTr, p. 20, l. 18 through p. 21, l. 9.**

Also as a part of the Plea colloquy, the Court received a sufficient factual basis for the plea from the Government, to which Ochoa admitted his conduct and guilt. **See COPTr, p. 27, l. 18 through p. 31, l. 14.** The Court further determined that Ochoa was not under the influence of any drugs, medications, or alcoholic beverages at the time of the plea, and had never been treated for addiction to alcohol or narcotics. **See COPTr, p. 11, ll. 3-10.** Ochoa also represented that he had not been threatened or forced to plead guilty, and that he had not been promised a particular sentence to plead guilty. **See COPTr, p. 22, ll. 3-10.**

After acceptance of the plea, the United States Probation Office prepared a PSR for Ochoa's case. **See PSR.** While the drug weights attributed to Ochoa correspond to a Base Offense Level of 36 (**See PSR, ¶ 31**), Ochoa was also found to

be an organizer or leader of an extensive criminal activity, so an additional four (4) levels were added. **See PSR, ¶ 20; 35.** Additionally, two (2) levels were added because he possessed a dangerous weapon (**See PSR, ¶ 32**), and an additional two (2) levels for his maintaining a drug house. **See PSR, ¶ 33.** The result is an Adjusted Offense Level of 44. **See PSR, ¶ 36; 45.** After receiving the appropriate credit for Acceptance of Responsibility (**see PSR, ¶ 47; 48**), Ochoa's Total Offense Level was 41. **See PSR, ¶ 49.** After reviewing Ochoa's prior criminal record, the PSR noted no criminal history points, which corresponds to a criminal history category of I. **See PSR, ¶ 25.** The result is a Guideline Range of imprisonment of 324-405 months. **See PSR, ¶ 61.** These determinations were adopted by the Court at Sentencing without objection. **See Sentencing Transcript ("SenTR"), p. 2, l. 25 through p. 3, l. 16.**

At Sentencing, the District Court received the Government's Motion for a Downward Departure, which as granted, as well as Ochoa's motion for a variance. Ochoa's variance request was two-fold. He initially sought to reduce his Base Offense Level from 36 to 34, by way of consent of the prosecution. **See SenTR, p. 12, l. 18 through p. 13, l. 15.** This request was granted, which resulted in a reduction of his Adjusted Offense Level to 39, and a resulting Guideline Range of imprisonment of 262-327 months. **See SenTR, p. 13, ll. 17-25.** Ochoa then sought

7

additional relief based upon his extraordinary difficulties while in custody, including the lack of proper medical care. **See SenTR, p. 14, l. 1 through p.16, l. 11.** In response, the District Court outlined Ochoa's criminal responsibility, and pointed out that the extra time Ochoa spent in the local detention center, he spent earning his motion for a downward departure. **See SenTR, p. 16, ll. 12-20.** This additional request for a variance was not granted.

After hearing from Ochoa and his sister, the Court then announced a sentence of 120 months incarceration, roughly one-third of the low end of his original Guideline Range. **See SenTR, p. 23, l. 12 through p. 26, l. 12.** Judgment was entered to this effect on March 11, 2013, and Ochoa filed his Notice of Appeal that same day. **See Judgment; Notice of Appeal.**

## <u>SUMMARY OF THE ARGUMENTS</u>

**<u>ARGUMENT I</u>:** Ochoa's plea valid under Rule 11 of the Federal Rules of Criminal Procedure was valid.

**<u>ARGUMENT II</u>:** The sentence imposed by the District Court, and which was requested by the defendant, was reasonable.

## ARGUMENT

## ARGUMENT I

### Standard of Review

The standard of review as to whether the district court adequately complied with Rule 11 of the Federal Rules of Criminal Procedure is *de novo.* United States v. Good, 25 F.3d 218, 219 (4th Cir. 1994). A variance from the requirements of Rule 11 is harmless error unless it affects the defendant's substantial rights. Rule 11, F.R.Crim.P.   If the defendant did not move to withdraw his guilty plea, his appeal is reviewed for plain error: he must show that (1) there was error; (2) that the error was plain; and (3) that it affected his substantial rights. United States v. Martinez, 277 F.3d 517 (4th Cir. 2002); United States v. Olano, 597 U. S. 725, 732 (1993).   Ochoa did not move to withdraw his plea, and as such, his plea should be reviewed for plain error under Martinez and Olano.

### I.    OCHOA'S GUILTY PLEA WAS VALID UNDER RULE 11 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE.

Rule 11 of the Federal Rules of Criminal Procedure requires that, before accepting a plea of guilty, the court must place a defendant under oath, and must address the defendant personally in open court. During this address, the court must inform the defendant of, and determine that the defendant understands, the following:

9

A. the Government's right, in a prosecution for perjury or false statement, to use against the Defendant any statement that the defendant gives under oath;

B. the right to plead not guilty, or having already pleaded, to persist in that plea;

C. the right to a jury trial;

D. the right to be represented by counsel and, if necessary, have the court appoint counsel at trial and at every other stage of the proceeding;

E. the right at trial to confront and cross examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses;

F. the defendant's waiver of these trial rights if the court accepts a plea of guilty or nolo contendere;

G. the nature of each charge to which the defendant is pleading;

H. any maximum possible penalty, including imprisonment, fine, and terms of supervised release;

I. any mandatory minimum penalty;

J. any applicable forfeiture;

10

K. the court's authority to order restitution;

L. the court's obligation to impose a special assessment; the court's obligation to apply the Sentencing Guidelines, and the court's discretion to depart from those guidelines under some circumstances; and

M. the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence.

See FRCrimP Rule 11(b)(1).

Rule 11(b)(2) and (3) further requires the court to determine that the plea is voluntary and not the result of force, threats, or promises other than those in a plea agreement; that there is a factual basis for the plea; and that the terms of any plea agreement are disclosed on the record.

The transcripts of Ochoa's guilty plea, as described in the Statement of Facts above, shows that the district court complied with Rule 11. The court placed the defendant under oath, advised him of his rights and obtained his waiver on the record. The court further established that the defendant understood the nature of the charges against him and his possible penalties. The requirements of Rule 11 of the Federal Rules of Criminal Procedure were satisfied by the Court during the

Change of Plea Hearing.   Any deviation[3] did not impact Ochoa's substantial rights

and was harmless.   Therefore, this issue is submitted under Anders, above.

## ARGUMENT II

**Standard of Review**

Appellate review of the District Court's imposition of a particular sentence is

reviewed for abuse of discretion. See Gall v. United States, 552 U.S. 38, 41 (2007).

A review of both the procedural and substantive reasonableness of the sentence is

required. Id. at 51.

> II.   **OCHOA CANNOT DEMONSTRATE THAT THE DISTRICT COURT ABUSED ITS DISCRETION AND IMPOSED EITHER A PROCEDURALLY OR SUBSTANTIVELY UNREASONABLE SENTENCE.**

Criminal sentences imposed by the District Court must be "sufficient but not

greater than necessary" to serve the purposes outlined in 18 United States Code

Section 3553(a). See Kimbrough v. United States, 552 U.S. 111 (2007).   A sentence

is reviewed on appeal to determine whether it is reasonable. See Gall, 552 U.S. at 41.

"Reasonableness" has two components: procedural and substantive.     Id.

"Procedural reasonableness evaluates the method used to determine a defendant's

---

[3] As previously noted, the transcript is not clear whether Ochoa was advised of the government's rights in a perjury prosecution to utilize his statements.   To the extent such instruction may not have been given, it is harmless in the instant case. See FRCrimP Rule 11(h).

sentence." See United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). "Substantive reasonableness examines the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in [18 United States Code Section 3553(a)]." Id. Moreover, the Circuit Court must conclude that the District Court provided a sufficient and individualized explanation for each sentence after considering the arguments of the parties. See United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010); United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009).

As previously outlined herein, receiving no objections to the PSR, the Court adopted the factual findings of the PSR, and the corresponding Offense Level, Criminal History, and Guideline Range. Thereafter, the Court accepted a stipulation of the parties to reduce Ochoa's Offense Level by two (2) points and granted Ochoa's request in this regard. The Government's motion for a Downward Departure was also granted and a sentence of 120 months, thirty-seven percent (37%) of the original low end of Ochoa's Guideline Range following the aforementioned variance,[4] was imposed. Thus, the District Court properly calculated the Guideline range, considered the § 3553(a) factors, and the arguments of the parties. The District Court further provided ample explanation as to why Mr.

---

[4] The sentence imposed is twenty-five percent (25%) of the high end Ochoa was facing of 405 months incarceration.

13

Ochoa received this particular sentence.   As such, the sentence imposed was procedurally and substantively reasonable.   Therefore, this issue is submitted under Anders, above.

## **CONCLUSION**

In accordance with the requirements of the United States Supreme Court in Anders v. California, 386 U.S. 738 (1967), appointed counsel for Mr. Ochoa has reviewed the facts and legal issues of this case and is of the opinion that there are no legal issues that were not properly raised or disposed of by the District Court and that there are no grounds for an appeal in this case.   A copy of this brief has been served on Mr. Ochoa via U.S. Mail, and he has been advised of his rights to make a *pro se* submission to the Court of Appeals.

Respectfully submitted,

s/ Jonathan M. Milling
*Counsel*

Jonathan M. Milling
MILLING LAW FIRM, LLC
1614 Taylor Street, Suite C
Columbia, South Carolina 29201
(803) 451-7700 (telephone)
(804) 451-7701 (facsimile)
jmm@millinglaw.net

**ATTORNEY FOR PEDRO OCHOA**
**APPEAL NUMBER: 13-4236**

14

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

No. _____          Caption: _____

## CERTIFICATE OF COMPLIANCE WITH RULE 28.1(e) or 32(a)
Certificate of Compliance With Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements

1.      This brief complies with the  type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

*[Appellant's Opening Brief, Appellee's Response Brief, and Appellant's Response/Reply Brief may not exceed 14,000 words or 1,300 lines; Appellee's Opening/Response Brief may not exceed 16,500 words or 1,500 lines; any Reply or Amicus Brief may not exceed 7,000 words or 650 lines; line count may be used only with monospaced type]*

      [ ]      this brief contains _____ [*state the number of*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

      [ ]      this brief uses a monospaced typeface and contains _____ [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.      This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

*[14-point font must be used with proportional typeface, such as Times New Roman or CG Times; 12-point font must be used with monospaced typeface, such as Courier or Courier New]*

      [ ]      this brief has been prepared in a proportionally spaced typeface using _____ [*state name and version of word processing program*] in _____ [*state font size and name of the type style*]; *or*

      [ ]      this brief has been prepared in a monospaced typeface using _____ [*state name and version of word processing program*] with _____ [*state number of characters per inch and name of type style*].

(s)_____

Attorney for_____

Dated:_____

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 11, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

Peter Thomas Phillips
Office of the United States Attorney
Suite 200
151 Meeting Street
P. O. Box 978
Charleston, SC 29402-0000
843-727-4381
peter.t.phillips@usdoj.gov


*/s/ Catherine B. Simpson*
Counsel Press LLC
1011 East Main Street
Suite LL-50
Richmond, Virginia 23219
(804) 648-3664


Filing and service were performed by direction of counsel